UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JANESSA J. JORDAN-ROWELL,

                Plaintiff,

      -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

14 Civ. 3181 (NSR)(JCM)

To the Honorable Nelson S. Román, United States District Judge:

      Plaintiff Janessa J. Jordan-Rowell ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g), following the Social Security Administration's ("SSA") initial denial of her application for disability benefits, and seeks "interim benefits" pending a hearing before an administrative law judge ("ALJ"). In lieu of an answer, the Defendant Commissioner of Social Security ("Defendant Commissioner") moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)"). The Defendant Commissioner contends that the Court lacks subject matter jurisdiction over this matter because Plaintiff failed to exhaust her administrative remedies. For the reasons below, I respectfully recommend that Plaintiff's Complaint be dismissed.

## I. BACKGROUND

Plaintiff applied for disability benefits,[1] claiming she became disabled after acquiring

HSV2,[2] a sexually transmitted disease.  On or about March 5, 2014, the SSA denied Plaintiff's

claim, asserting that her health problems did not qualify her for benefits.  (Complaint at 4, 7);

(Herbst Decl.[3] at ¶ 3(a)).  By letter dated March 25, 2014 ("Hearing Request Letter"), the SSA

confirmed to Plaintiff that it received her request for a hearing, presumably requested by Plaintiff

to challenge the SSA's denial of benefits.  (Complaint at 8).  Plaintiff filed the instant action on

April 28, 2014.  As of the time of the filing of this action, Plaintiff conceded that a final

determination by the SSA had not been made.  (*See* Complaint at 2).

Within the Hearing Request Letter, the SSA advised Plaintiff of her rights and explained

the hearing process.  (Complaint at 8-10).  Notably, the SSA stated:

> We are required by the district court opinion dated May 28, 1985 in *Martinez, et al. v. Secretary of HHS*, E.D.N.Y., No. 73 Civ. 900, to notify you of procedures available to you in the event of unreasonable delay in processing your case.  If, after, requesting the status of your case, you believe your case is being delayed unreasonably, you may apply to the United States District Court for relief, including interim benefits."

---

[1] It is unclear when Plaintiff filed her application for benefits.  Plaintiff claims her disability commenced on February 24, 2014 but the Defendant Commissioner alleges she applied for benefits on February 24, 2013.  Despite an Order of the Honorable Nelson S. Román, United States District Judge, dated June 6, 2014, requiring the Defendant Commissioner to file a certified record with its answer or other response to the Complaint, (Docket No. 5), the Defendant Commissioner failed to do so.  On or about December 4, 2014, the undersigned's chambers requested that the Defendant Commissioner comply with Judge Román's Order by filing a certified record or an attorney's affirmation stating no such record existed.  The Defendant Commissioner filed neither a certified record nor an attorney's affirmation, but instead, on December 12, 2014, filed an untimely reply affidavit in support of its motion to dismiss Plaintiff's Complaint.  However, the Defendant Commissioner's time to reply expired on September 23, 2014, fourteen (14) days after Plaintiff filed her opposition.  Accordingly, the undersigned does not consider this reply in issuing this Report and Recommendation.

[2] Herpes simplex virus type-2.  *See* Christine Johnston, David M. Koelle, Anna Wald, *HSV-2: in pursuit of a vaccine*, J. CLINICAL INVESTIG., Dec. 1, 2011, at Abstract, *http://www.ncbi.nlm.nih.gov/pmc/articles/PMC3223069/*.

[3] Refers to the Declaration of Patrick J. Herbst, Court Case Preparation and Review Branch 4, Office of Disability Adjudication and Review, Social Security Administration, filed on September 8, 2014 as Docket No. 12-1.

(*Id.* at 8).  The last sentence in the Hearing Request Letter, submitted as part of Plaintiff's Complaint, has been highlighted.  (*Id.*).

On September 8, 2014, the Defendant Commissioner filed a pre-answer motion to dismiss the Complaint.  (Docket No. 11).  The Defendant Commissioner contends that because Plaintiff's administrative remedies have not been exhausted, *i.e.* the matter has not yet proceeded to a hearing before an ALJ, the Court lacks subject matter jurisdiction over this action.  (Docket No. 12[4] at 2-3).  In opposition to the Defendant Commissioner's motion, Plaintiff affirmatively stated, "I'm filing this motion for the relief [of] interim benefits until the [Commissioner] dec[ides] my cliam [*sic*]."  (Docket No. 13[5] at 2) (alterations provided); (*id.* at 1) ("asking that the court order the following relief: for relief interim benefits").  The Defendant Commissioner filed an untimely reply, *see supra* n.1, not considered herein.

## II. DISCUSSION

### A. Rule 12(b)(1) Standard

The Court can properly dismiss an action for lack of subject matter jurisdiction when it does not have the statutory or constitutional power to adjudicate it.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Rule 12(b)(1)).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996)).  In resolving a Rule 12(b)(1) motion, the Court construes all ambiguities and draws all inferences in Plaintiff's favor.  *Id.*  It must also "accept as true all material factual allegations in the complaint."  *Figueroa v. Comm'r of Soc. Sec.*, No. 12 Civ. 7129, 2013 WL 3481317, at *2 (S.D.N.Y. Jul. 11, 2013) (quotation marks and

---

[4] Memorandum of Law in Support of the Commissioner's Motion to Dismiss the Complaint, filed on September 8, 2014.

[5] Plaintiff's Affirmation in Opposition to Motion, file on September 9, 2014.

citation omitted) (adopting Report and Recommendation to dismiss action).[6]  The Court may also refer to evidence outside the pleadings in making its determination.  *Makarova*, 201 F.3d at 113 (citation omitted).

## B.  Exhaustion

"Pursuant to 42 U.S.C. § 405(g), an individual must obtain a 'final decision of the Commissioner' before a federal court can review Social Security benefit determinations." *Iwachiw v. Massanari*, 125 F. App'x 330, 331 (2d Cir. 2005) (Summary Order) (citations omitted).  "A determination is final, and the claim exhausted, after the Appeals Council has denied review or decided the case after review," following a hearing before an ALJ.  *Figueroa*, 2013 WL 3481317, at *3 (citations omitted).  Absent final review, a district court lacks subject matter jurisdiction to hear the lawsuit.  *Iwachiw*, 125 F. App'x at 331-32 (citing *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)).  The lack of subject matter jurisdiction also precludes the court from hearing claims for injunctive relief, including claims for interim benefits.  *Id.* at 332 (citations omitted); *Perez v. Apfel*, 22 F. App'x 67, 68 (2d Cir. 2001) (Summary Order) (citations omitted).  Here, Plaintiff admitted that she does not have a final decision on her claim for SSI benefits.  (Complaint at 2, 8); (Docket No. 13 at 1, 2).  As such, it is respectfully recommended that this Court lacks subject matter to hear Plaintiff's claim for interim benefits.

## C.  Exceptions to Exhaustion

Notwithstanding that the exhaustion requirement applies to Plaintiff's claim for interim benefits, the Court may review Plaintiff's lawsuit under exceptions to exhaustion—"where the

---

[6] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and any others cited herein, only available by electronic database, accompany this Order and shall be simultaneously delivered to *pro se* Plaintiff.

claim is collateral to a demand for benefits, exhaustion of administrative remedies would be futile, or the plaintiff would suffer irreparable harm if required to exhaust administrative remedies." *Baptiste v. Comm'r of Soc. Sec.*, No. 09 Civ. 10178, 2010 WL 2985197, at *2 (S.D.N.Y. Jul. 27, 2010) (quoting *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996)).  In addition, the Court may "consider constitutional questions since they are unsuited to resolution in administrative hearing procedures." *Id.* (quotation marks and citations omitted).  The Court may also award interim benefits pursuant to its remedial powers when the SSA has unreasonably delayed administrative proceedings. *See Saltares v. Bowen*, 711 F. Supp. 162, 164-66 (S.D.N.Y. 1989) (denying interim benefits, finding the SSA did not cause unreasonable delay); *Jefferson v. Bowen*, No. 84 Civ. 5664, 1986 WL 14928, at *2-3 (S.D.N.Y. Dec. 22, 1986) (awarding interim benefits, finding unreasonable delay). *Contra Luna de Medina v. Apfel*, No. 99 Civ. 4149, 2000 WL 964937, at *8-9 (S.D.N.Y. Jul. 12, 2000) (conceding "other courts in this district have granted interim benefits to new applicants," but denying the same pursuant to case law of circuit courts other than the Second Circuit).

Here, Plaintiff failed to demonstrate that she is entitled to interim benefits.  Plaintiff has not asserted any of the circumstances which might excuse the lack of exhaustion of her social security benefits claim. *See Baptiste*, 2010 WL 2985197, at *2.  Her claim for interim benefits is not collateral to her application for benefits. *Id.*  Plaintiff has not asserted that exhausting her administrative remedies would be futile.  (*See* Docket No. 13).  Plaintiff also has not asserted that she will suffer irreparable harm if she must wait for a final decision from the Commissioner. (*Id.*).

Moreover, Plaintiff has not demonstrated unreasonable delay, let alone a delay that rises to the level of a constitutional violation. *See Baptiste*, 2010 WL 2985197, at *2 (six-month delay

does not warrant an award of interim benefits); *Jefferson*, 1986 WL 14928, at *3 (four-year delay, coupled with multiple remands, warranted an award of interim benefits). Plaintiff waited barely a month from the date the SSA issued the Hearing Request Letter confirming her request for hearing before she filed the instant action. A one-month delay is not unreasonable. *See Baptiste*, 2010 WL 2985197, at *2 (six-month delay is not unreasonable). Plaintiff also has not "shown a need for interim relief to prevent an injury of constitutional proportions." *See Baptiste*, 2010 WL 2985197, at *2. Plaintiff did not assert that she is without income pending a final determination of the Defendant Commissioner. In fact, Plaintiff has not alleged any injury should she be denied interim benefits. (*See* Complaint); (*See* Docket No. 13).

Even construing *pro se* Plaintiff's papers liberally,[7] it simply appears that she filed this action because the SSA's Hearing Request Letter advised her that, "If, after, requesting the status of your case, you believe your case is being delayed unreasonably, you may apply to the United States District Court for relief, including interim benefits." (Complaint at 8). Plaintiff has highlighted this sentence in both her Complaint and Affirmation in Opposition to Motion. (*Id.*); (Docket No. 13 at 7). She has not set forth any other reason to support her claim for interim benefits. Accordingly, it is respectfully recommended that no exception to exhaustion applies.

## III. CONCLUSION

For the foregoing reasons, I conclude and respectfully recommend that the Defendant Commissioner's motion for judgment on the pleadings should be granted and the case should be dismissed.

---

[7] *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted) ("A document filed *pro se* is to be liberally construed"); *Massie v. Metropolitan Museum of Art*, 651 F. Supp. 2d 88, 93 (S.D.N.Y. 2008) (quoting *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)) (the Second "Circuit construes *pro se* submissions 'liberally, applying a more flexible standard'").

## IV.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file written objections.  *See also* Fed. R. Civ. P. 6(a) and (d) (rules for computing time).  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Objections and responses to objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Nelson S. Román at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Requests for extensions of time to file objections must be made to the Honorable Nelson S. Román and not to the undersigned.  Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be rendered.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), 72(b); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).


Dated:   March 20, 2015
         White Plains, New York

                              **RESPECTFULLY SUBMITTED,**


                              JUDITH C. McCARTHY
                              United States Magistrate Judge

2013 WL 3481317
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Orlando Dones FIGUEROA, Plaintiff,
v.
COMMISSIONER OF SOCIAL
SECURITY, Defendant.

No. 12 Civ. 07129(LGS).   |   July 11, 2013.

### MEMORANDUM AND ORDER

LORNA G. SCHOFIELD, District Judge.

**\*1** Before the Court is the Report and Recommendation of Magistrate Judge Netburn (Dkt. No. 24) ("Report"), recommending that the Court grant Defendant's Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) (Dkt. No. 16) ("Motion").

Plaintiff filed the Complaint in this action on September 20, 2012 (Dkt. No. 2), seeking judicial review of a favorable decision of the Commissioner of Social Security awarding him Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 405(g). The case was referred to Magistrate Judge Netburn on October 12, 2012. (Dkt. No. 8). On March 12, 2013, Defendant filed the present Motion, requesting that the Court dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. On June 14, 2013, Judge Netburn issued the Report, recommending that the Court grant the Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. New York State Dep't of Educ.*, 855 F.Supp.2d 205, 206 (S.D.N.Y.2012) (citing Fed.R.Civ.P. 72(b); *Thomas*

*v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)).

Having reviewed the Report, to which no objection was made, the Court finds no clear error on the face of the record. Accordingly, the Court ADOPTS the Report in its entirety as the decision of the Court. Defendant's Motion to Dismiss (Dkt. No. 16) is GRANTED, and this case is DISMISSED pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

The Court further finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk is directed to mail a copy of this Order to the pro se Plaintiff and close this case.

SO ORDERED.

### REPORT AND RECOMMENDATION

SARAH NETBURN, United States Magistrate Judge.

**TO THE HONORABLE LORNA G. SCHOFIELD:**

*Pro se* plaintiff Orlando Dones Figueroa filed this action seeking judicial review of a favorable decision of the Commissioner of Social Security ("the Commissioner") awarding him Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. The Commissioner has moved, without opposition, to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted. Because there is no final administrative decision denying benefits that this Court may review, I recommend that the Commissioner's motion to dismiss pursuant to Rule 12(b)(1) be GRANTED.

### BACKGROUND

**\*2** On September 20, 2012, Orlando Dones Figueroa filed an action in this Court for review of a decision of the Commissioner under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g). It appears that he seeks review of a 2003 decision by an Administrative Law

Judge ("ALJ") related to his claim for Supplemental Security Insurance ("SSI") benefits. (Compl.¶¶ 7, 9.) According to Figueroa's complaint, he became disabled in 2002, applied for benefits, and was denied benefits by an ALJ on February 15, 2003. (Compl.¶ 7.) But the Commissioner, through the declaration of Julio Infiesta, an Assistant Regional Commissioner at the Social Security Administration ("Infiesta Decl."), provides information that Figueroa applied for SSI benefits on February 25, 2003, received a favorable decision, and was awarded benefits on March 16, 2004. (Infiesta Decl. ¶¶ 2–3 & at Ex. A.) Figueroa is currently receiving SSI benefits and has been receiving such benefits since he became eligible to do so in March 2003. (*Id.* at Ex. B.)

Although not raised in the complaint, the Commissioner also provides information that Figueroa filed a claim for disability insurance benefits ("DIB") on October 4, 1996. (Infiesta Decl. ¶ 6.) This claim was denied at the initial level of administrative review and again at the reconsideration level on October 30, 1997. (*Id.* ¶¶ 7–8.)The Commissioner attests that Figueroa did not seek or receive further administrative review of his October 1996 DIB application, and that the agency has no further record of him filing a subsequent claim for DIB. (*Id.* ¶¶ 10–11.)

In light of these circumstances, on April 5, 2013, the Court issued an Order to Show Cause, directing that Figueroa clarify the nature of his claims regarding both the 2003 SSI benefits application and the 1996 DIB application. The Court warned Figueroa that his failure to respond may result in dismissal of this action for lack of subject matter jurisdiction. Figueroa failed to respond.

## DISCUSSION

### I. Standard of Review

Because a court cannot act if it lacks jurisdiction, a court must decide a 12(b)(1) motion before any other motion to dismiss. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (citing cases); *Winn v. Schafer,* 499 F.Supp.2d 390, 394 (S.D.N.Y.2007) (citing cases); 5B Wright & Miller, Federal Practice & Procedure § 1350 (3d ed.2012). Figueroa's request for review can be addressed completely under a jurisdictional analysis. Accordingly, the Court will decide this case on Rule 12(b)(1) grounds only.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."*Makarova v. U.S.,* 201 F.3d 110, 113 (2d Cir.2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint,"*J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 110 (2d Cir.2004), but "no presumptive truthfulness attaches to the complaint's jurisdictional allegations,"*Guadagno v. Wallack Ader Levithan Assocs.,* 932 F.Supp. 94, 95 (S.D.N.Y.1996). The burden is on the plaintiff to satisfy the Court of the jurisdictional facts. *Makarova,* 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). In reviewing a motion to dismiss under Rule 12(b)(1), the Court "may consider affidavits and other materials beyond the pleadings."*Attica Central Sch.,* 386 F.3d at 110.

**\*3** Judicial review of cases arising under Title II of the Social Security Act is provided for, and expressly limited by, sections 205(g) and (h) of the Act, 42 U.S.C. §§ 405(g) and (h). These sections provide the exclusive remedy for seeking review of a decision of the Commissioner. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as provided herein.").

### II. The 2003 SSI Application

Section 405(g)"assumes as a condition for judicial review" that the determination will be adverse to the claimant. *Jones v. Califano,* 576 F.2d 12, 18 (2d Cir.1978) (citing 42 U.S.C. § 405(g)). It makes "no provision for judicial review of a determination favorable to the complainant."*Id.; see also Wheeler v. Heckler,* 719 F.2d 595, 600 (2d Cir.1983) ("[J]udicial review of favorable decisions is generally unavailable.").

Despite being given an opportunity to do so, Figueroa has failed to explain to the Court why he appears to be challenging a favorable decision concerning his 2003 SSI application. In fact, the Commissioner has offered evidence that Figueroa has been receiving SSI benefits since March 2003. Thus, it appears that, with respect to his 2003 SSI application, Figueroa seeks review of a fully favorable determination. Jurisdiction does not lie in this Court to review decisions that are favorable to the complainant. *See, e.g., Coles v. Astrue,* 10 Civ. 4751(JFB), 2012 WL 695849 (E.D.N.Y. Mar. 5, 2012); *Bruno v. Astrue,* 09 Civ. 4690(JSR)(DF), 2010 WL 5653398 (S.D.N.Y. Sept. 16, 2010). Accordingly, the Court

should grant the Commissioner's motion to dismiss Figueroa's complaint under Federal Rule of Civil Procedure 12(b)(1).

### III. The 1996 DIB Application

The Commissioner also offers information to the Court, not raised in Figueroa's complaint, that he applied for and was denied disability insurance benefits in 1996. Because *pro se* litigants "are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest," the Court considers the possibility that Figueroa also seeks review of the denial of his 1996 claim for DIB. *Green v. U.S.,* 260 F.3d 78, 83 (2d Cir.2001) (citation and internal quotation marks omitted).

Title 42 U.S.C. § 405(g) provides, in part:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g). This provision contains the basis for the exhaustion requirement: that judicial review of Social Security benefit determinations is limited to "final" decisions of the Commissioner made after a hearing. 42 U.S.C. § 405(g). To exhaust a claim properly, a plaintiff must (1) obtain an initial determination of the claim, 20 C.F.R. § 404.902 *et seq.;* (2) seek reconsideration, 20 C.F.R. § 404.907 *et seq.;* (3) seek a hearing before an ALJ, 20 C.F.R. 404.929 *et seq.;* and (4) request Appeals Council review, 20 C.F.R. § 404.966 *et seq.* A determination is final, and the claim exhausted, after the Appeals Council has denied review or decided the case after review. 20 C.F.R. § 404.981. The exhaustion requirement "prevent[s] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors."*Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)."If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases ."*Sims v. Apfel,* 530 U.S. 103, 107, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000).

**\*4**  While "[e]xhaustion is the rule, waiver the exception,"*Abbey v. Sullivan,* 978 F.2d 37, 44 (2d Cir.1992) (citing cases), there are a few instances where the exhaustion requirement may be waived. First, if the claim is collateral to a demand for benefits, *see, e.g., Bowen v. City of New York,* 476 U.S. 467, 483, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (claims were collateral to a demand for benefits where a class of plaintiffs challenged SSA policy and many class members were unaware of that policy when the suit was filed); second, if exhaustion would be futile, *see, e.g., Mathews v. Diaz,* 426 U.S. 67, 76–77, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976) (exhaustion would be futile because the Secretary had no power to rule on statute's constitutionality); and, third, if the plaintiffs would suffer irreparable harm in the sense that no *post hoc* relief would be adequate, *see, e.g., State of N.Y. v. Sullivan,* 906 F.2d 910, 918 (2d Cir.1990) (waiving the exhaustion requirement in part because claimants experienced deteriorating health).*See also Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.").

According to the Commissioner's submission, Figueroa filed a claim for disability benefits on October 4, 1996. Although this claim was denied at the initial administrative level and, on October 30, 1997, at the reconsideration level, the agency has no record of Figueroa filing a request for a hearing before an ALJ, a requirement of exhaustion.

The Court's April 5, 2013 Order to Show Cause also afforded Figueroa the opportunity to demonstrate that he received a final decision on his 1996 claim by submitting a letter from the Appeals Council or, alternatively, to show that his claim qualified for a waiver of the exhaustion requirement. Figueroa similarly did not respond to this request. Thus, in the absence of additional information, the Court must assume that Figueroa did not exhaust his administrative remedies regarding his 1996 application for benefits. The Court has no evidence that Figueroa received a final administrative decision that a district court can review and has no reason to think that Figueroa qualifies for a waiver of the exhaustion requirement. *See Makarova,* 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

Moreover, the deadline for filing a request for a hearing before an ALJ has long passed, 20 C.F.R. § 404.933(b)(1) (a

request for an ALJ hearing must be filed within sixty days of the receipt of the reconsideration determination), as has the deadline for filing a complaint in this Court, 20 C.F.R. § 422.210(c) (a claimant must file in district court for judicial review of an SSA decision within 60 days of receiving the final administrative decision).

Accordingly, because Figueroa did not, and now cannot, exhaust his administrative remedies on his 1996 DIB claim, this Court lacks jurisdiction to review that determination.

## CONCLUSION

**\*5** For the foregoing reasons, the Court recommends that the Commissioner's motion to dismiss (Docket No. 16) be GRANTED, and this case be dismissed pursuant to Federal Rule of 12(b)(1) for lack of subject matter jurisdiction. I further recommend that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed.R.Civ.P. 6(a), (d) (adding three additional days when service is made under Fed.R.Civ.P. 5(b)(2) (C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed.R.Civ.P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Schofield. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b), 72(b); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

## SO ORDERED.

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

2010 WL 2985197
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

June BAPTISTE Plaintiff,
v.
COMMISSIONER OF **SOCIAL
SECURITY**, Defendant.

No. 09 Civ. 10178(DLC).   |   July 27, 2010.

West KeySummary

1    **Social Security**
         Exhaustion of other remedies

    **Social Security** benefits claimant did not
    exhaust administrative remedies regarding her
    claim that benefits were withheld and, as such,
    the district court had no jurisdiction to hear the
    claim. Claimant had not received a final decision
    from the **Social Security** Administration when
    she filed her complaint. **Social Security** Act, §
    1, 42 U.S.C.A. § 301 *et seq.*

    5 Cases that cite this headnote

**Attorneys and Law Firms**

June Baptiste, New York, NY, pro se.

John E. Gura, U.S. Attorney's Office, S.D.N.Y., New York,
NY, for the defendant.

*MEMORANDUM OPINION AND ORDER*

DENISE COTE, District Judge.

 *\*1*  *Pro se* plaintiff June Baptiste ("Baptiste") filed the
complaint in this action on December 15, 2009. The
defendant, Commissioner of **Social Security**, filed a motion
to dismiss for lack of subject matter jurisdiction on April
16, 2010; the plaintiff did not oppose the motion. For the
following reasons, the motion is granted.

**Background**

Baptiste began to receive **Social Security** survivor's
benefits in 2002. In September 2008, the **Social Security
Administration** ("SSA") informed her that in several prior
years it had paid her more than the amount to which she was
entitled and that it would withhold future benefits to recoup
the overpayments. On June 12, 2009, Baptiste requested
a hearing before an Administrative Law Judge ("ALJ")
to appeal the denial of her request to retain the alleged
overpayments. In July 2009, the SSA sent Baptiste a letter
notifying her that it had received her request for a hearing and
that it would provide her with the date and location of the
hearing at least twenty days before it was to take place. The
letter stated:

> We are required by district court
> opinion [*Martinez v. Califano*, No. 73
> Civ. 900, 1985 WL 6079 (E.D.N.Y.
> May 28, 1985) ] to notify you
> of procedures available to you in
> the event of unreasonable delay
> in processing your case. If, after
> requesting a status report of your
> case ... you believe your case is being
> delayed unreasonably, you may apply
> to the United States District Court for
> relief, including **interim benefits**, if
> appropriate. [1]

In August and September, the SSA withheld all of Baptiste's
benefit payments as part of a recoupment effort. In
September, Baptiste filed for bankruptcy. As part of the
protections offered by that proceeding, the SSA paid her the
full monthly benefit amount from the date of that filing and
assured Baptiste that it would continue to pay her the full
monthly amount of her benefits, without attempting to collect
any overpayments, until the conclusion of the bankruptcy
proceeding.

As of December 2009, when she filed her complaint in this
action, Baptiste was still waiting for her hearing before the
ALJ. In her complaint, the plaintiff complains that she has
suffered "unreasonable delay" in being granted a hearing.
She seeks an order requiring the SSA to pay her the two
months' worth of benefits it has withheld and **interim benefits**
pending the outcome of the ALJ hearing. On March 30, 2010,
the defendant notified the Court that plaintiff's ALJ hearing
had been scheduled for April 2010.

## Discussion

The defendant has moved to dismiss the complaint on the ground that the Court lacks subject matter jurisdiction. A plaintiff's failure to exhaust administrative remedies with respect to claims that arise under the **Social Security** Act, 42 U.S.C. § 301 *et seq.* ("the Act"), ordinarily deprives a district court of jurisdiction to review those claims. [2] *Maloney v. Soc. Sec. Admin.,* 517 F.3d 70, 73–74 (2d Cir.2008); *Binder & Binder PC v. Barnhart,* 481 F.3d 141, 149 (2d Cir.2007). The availability of judicial review is governed by § 405(g) of the Act, which "clearly limits judicial review to ... a final decision of the Secretary made after a hearing." *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1976) (citation omitted). A final decision is reached only after a four-step administrative review process, of which a hearing before an ALJ is the third step. 20 C.F.R. § 404.900(a).

**\*2** This exhaustion requirement may be excused in limited circumstances, namely: where the claim is collateral to a demand for benefits, exhaustion of administrative remedies would be futile, or the plaintiff would suffer irreparable harm if required to exhaust administrative remedies. *Pavano v. Shalala,* 95 F.3d 147, 150 (2d Cir.1996). In addition, a court may consider constitutional questions since they are "unsuited to resolution in administrative hearing procedures." *Califano,* 99 U.S. at 109; *see also Stieberger v. Apfel,* 134 F.3d 37, 41 (2d Cir.1997).

There is no jurisdiction over Baptiste's complaint because she has not received a final decision from the SSA on her claims. None of the circumstances that might excuse a failure to exhaust administrative remedies are present here. Baptiste's claim is not collateral to a demand for benefits; indeed, it is a claim for benefits. Similarly, there is no basis to find that administrative review would be futile. In fact, Baptiste previously prevailed after a hearing before the ALJ on an identical claim to retain overpayments from a different year than those at issue in this case. Additionally, Baptiste will suffer no irreparable harm if required to exhaust the administrative process because she is currently receiving benefits. *See Smith v. Schweiker,* 709 F.2d 777, 781 (2d Cir.1983). Finally, Baptiste has not raised a colorable constitutional claim.

Baptiste's complaint of "unreasonable delay" in scheduling her ALJ hearing does not rise to the level of a constitutional claim for two principal reasons. First, the length of the delay is insufficient to require judicial review to protect Baptiste's constitutional rights. Baptiste requested a hearing on June 12, 2009. When she filed her complaint on December 15, 2009, her request for a hearing had been pending for approximately six months. A six-month delay in receiving a date for a hearing is insufficient to raise a question of a denial of due process.

Second, Baptiste has not shown a need for interim relief to prevent an injury of constitutional proportions. Between September 2008, when the SSA first informed Baptiste of the overpayments, and December 2009, when she filed her complaint, the plaintiff requested and received several modifications to the SSA's schedule for withholding her benefits. As it turned out, Baptiste received her full monthly benefit amount every month except for August and September 2009, when the SSA withheld all of her benefits. Whether Baptiste's benefits for August and September 2009 were appropriately withheld is a matter to be addressed at an ALJ hearing.

## Conclusion

The defendant's April 16 motion to dismiss is granted. The Clerk of Court shall close the case.

SO ORDERED:

---

Footnotes

1    In *Heckler v. Day,* 467 U.S. 104, 111, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), the Supreme Court struck down mandatory time periods that had been imposed by lower courts within which the SSA was required to provide hearings and issue final decisions. In *Martinez,* the district court responded to *Heckler* by modifying an injunction that had imposed such a deadline. The modified injunction required the SSA to provide notice to individuals awaiting hearings of the procedures available to them in the event of unreasonable delay. *Martinez,* 1985 WL 6079, at \*2.

2    It is unnecessary to decide whether the Act's exhaustion requirement is a claim-processing rule or affects subject matter jurisdiction since the defendant has not waived or forfeited its right to insist upon the exhaustion of administrative remedies. *See Coleman v. Newburgh Enlarged City Sch. Dist.,* 503 F.3d 198, 204 (2d Cir.2007); *Zhong v. U.S. Dept. of Justice,* 480 F.3d 104, 124 (2d Cir.2007) (construing § 405(g)).

Baptiste v. Commissioner of Social Sec., Not Reported in F.Supp.2d (2010)

End of Document

© 2014 Thomson Reuters. No claim to original U.S. Government Works.

Jefferson v. Bowen, Not Reported in F.Supp. (1986)
1986 WL 14928

1986 WL 14928
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Charles JEFFERSON, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human
Services of the United States, Defendant.

No. 84 Civ. 5664 (WCC).   |   Dec. 22, 1986.

**Attorneys and Law Firms**

Morton B. Dicker, Attorney-In-Charge The Legal Aid
Society, New York City (Susan R. Sternberg), of counsel, for
plaintiff.

Rudolph W. Giuliani, United States Attorney for the Southern
District of New York, New York City, (Diogenes P. Kekatos,
Special Assistant United States Attorney, of counsel), for
defendant.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

*1  Plaintiff Charles Jefferson brought this action under
Sections 205(g) and 1631(c)(3) of the Social Security Act,
as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) (1982)
(the "Act"), seeking review of an order by the Secretary of
Health and Human Services ("the Secretary") withholding
its final decision on plaintiff's claims pending further
administrative proceedings. Plaintiff has moved to compel
the Appeals Council to issue a final decision on plaintiff's
claims for disability insurance benefits and Supplemental
Security Income benefits ("SSI") and for an award of interim
benefits on the basis of unreasonable delay by the Secretary.
Defendant has opposed the motion to compel on the grounds
that the actions of the Appeals Council in rejecting the
ALJ's decision was within its discretion under 20 C.F.R. §§
404.977(c)(2) and 416.1477(c)(2) (1986). Defendant has also
opposed the motion for interim benefits as not provided for
by the Act.

Plaintiff first applied for disability insurance and SSI in
June 1982. His applications were denied initially and upon
reconsideration. Plaintiff received a hearing to review his
claim in April 1983. Administrative Law Judge ("ALJ")

Henry L. Pfeiffer issued a recommended decision on July 21,
1983 in which he found that plaintiff was not disabled as
defined by the Act. The Appeals Council denied plaintiff's
request for review on June 4, 1984 and the recommendation
became the final decision of the Secretary.

In August 1984 plaintiff commenced a civil action pursuant
to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review
of the Secretary's decision. The Secretary was granted three
sixty-day extensions of time to answer plaintiff's complaint.
This Court, by Order dated February 22, 1985, granted
the third extension conditioned on the payment of interim
benefits from the date the answer had been due until it was
filed. The Secretary filed his answer to the complaint, with a
copy of the transcript on April 26, 1985. On September 12,
1985, this Court granted plaintiff's motion for remand because
the 27–page transcript of the administrative hearing contained
87 instances where testimony of the witnesses is described as
inaudible.

Approximately seven months later ALJ Jonathan Jacobs
held a second *de novo* hearing. On April 1, 1986 the ALJ
issued a recommended decision finding that plaintiff was
not disabled. Plaintiff timely submitted a memorandum to
the Appeals Council objecting to the ALJ's decision. Four
and one-half months later, the Appeals Council issued an
order withholding a final decision and remanding the case for
further administrative proceedings.

The district court has limited powers to review actions of
the agency. Pursuant to 42 U.S.C. § 405(g), a claimant is
entitled to obtain judicial review only after a decision of the
agency becomes final. see *Queenan v. Heckler*, 581 F.Supp.
1216, 1218 (S.D.N.Y.1984). The Court, however, derives
some jurisdiction to review decisions before they are final
from the mandamus provisions of 28 U.S.C. § 1361 where
the Appeals Council has abused its discretion. See *White v.
Mathews*, 559 F.2d 852, 856 (2d cir. 1977), *cert. denied*, 435
U.S. 908 (1978).

*2  I find that mandamus is not appropriate here. The ALJ
found that plaintiff was unable to perform his past relevant
work, but that he could perform other work based on Rule
202.13 of the Secretary's Medical-Vocational Guidelines.
(Plaintiff's exhibit G). Plaintiff wrote the Appeals Council
on April 18, 1986, objecting that the ALJ's decision was not
supported by substantial evidence. (Plaintiff's exhibit H). He
argued correctly that under *Bluvband v. Heckler*, 730 F.2d
886 (2d Cir.1986), the opinions and diagnosis of a claimant's

Jefferson v. Bowen, Not Reported in F.Supp. (1986)

1986 WL 14928

treating physicians are binding on the agency in the absence of substantial contradictory evidence.

The Appeals Council agreed, finding that the evidence of record was insufficient to support the ALJ's recommended finding. They noted that while the ALJ "has the responsibility for deciding the claimant's residual functional capacity with due consideration given as to the claimant's credibility, such a finding must be based on substantial evidence." The Appeals Council found that the ALJ did not give evidence favorable to the claimant "due consideration." (Plaintiff's exhibit I).

Since the evidence produced relating to plaintiff's hospitalizations in 1983 and 1984 contained only brief summations, the Appeals Council has ordered the ALJ to obtain all relevant medical records from the Veteran's Administration. Additionally, they ordered an updated earnings record to reflect plaintiff's alleged employment for the years 1981 and 1982. Finally, the Appeals council ordered a consultative orthopedic examination and medical assessment prior to the supplemental hearing.

The Appeals Council re-remanded in response to plaintiff's objections to the ALJ's findings. The purpose of the remand is to develop a complete record in order to assess plaintiff's alleged disability. For this reason, I find the re-remand well within the discretion of the Appeals Council under 20 C.F.R. §§ 404.977(e)(2) and 416.1477(e)(2) (1986). Accordingly, plaintiff's motion to compel the Appeals Council to enter a final decision is denied.

Plaintiff requests that he be awarded interim benefits pending a final decision by the Secretary. Defendant claims that the Court lacks authority to order such relief since § 205(i) of the Act, 42 U.S.C. § 405(i), permits payment of benefits only upon a favorable final decision of the Secretary or upon a favorable decision of a court of competent jurisdiction. Defendant also argues that where Congress has made a specific provision for interim benefits in a restricted context, it is beyond the power of the Court to award payment of interim benefits in other contexts. Both of these arguments have been made in other cases before the Second Circuit and both have been rejected. *See e.g. City of New York v. Heckler*, 742 F.2d 729, 740 (2d Cir.1984), *reh'g denied*, 755 F.2d 31 (2d Cir.1985), *aff'd*, —— U.S. ——, 106 S.Ct. 2022 (1986); *Day*

*v. Schweiker*, 685 F.2d 19, 24 (2d Cir.1982), *rev'd on other grounds*, 467 U.S. 104 (1984); *White v. Mathews*, 559 F.2d 852, 861 (2d Cir.1977), *cert. denied*, 435 U.S. 908 (1978); *Scacchetti v. Secretary of Health and Human Services*, No. 83–299T, slip op. at 1–4 (W.D.N.Y. Aug. 16, 1985). I am, therefore, bound to reject them here.

**\*3** In the exercise of its broad remedial powers, the Court may award interim benefits where a claimant is faced with unreasonable delay attributable to the Secretary. *Weiser v. Secretary of Health and Human Services*, No. 83–7737, slip op. at 4 (S.D.N.Y. Sept. 24, 1986). In *Cohen v. Heckler*, 599 F.Supp. 837 (S.D.N.Y.1984), the Secretary received several extensions of time in which to answer and then was unable to prepare a hearing transcript. The Court found interim benefits appropriate as the Secretary's seven-month delay resulted in nothing other than discovering that the transcript was lost. *Id.* at 838.

I conclude that this is an appropriate case in which to award interim benefits pending final decision by the Secretary. Plaintiff first applied for benefits over four years ago. The Secretary's repeated delays include producing an unusable transcript after a six-month delay, forcing this Court to remand for a *de novo* hearing. It took the Secretary an additional seven months to render a recommended decision after the remand. Now the Appeals Council has re-remanded for further proceedings. Although I consider the additional evidence ordered by the Appeals Council warranted, I recognize that the re-remand further delays the final adjudication plaintiff deserved two years ago. Plaintiff has already endured two hearings and two appeals, and will now have to submit to a further examination, a supplemental hearing and another appeal.

For the reasons stated above, plaintiff's motion to compel the Appeals Council to enter a final decision is denied. The Secretary should hold the supplemental hearing expeditiously, and file the entire administrative record in a timely manner. Pending final adjudication of plaintiff's claim, the Secretary is directed to award plaintiff interim disability insurance and SSI benefits.

SO ORDERED.

                    © 2014 Thomson Reuters. No claim to original U.S. Government Works.

Luna de Medina v. Apfel, Not Reported in F.Supp.2d (2000)

69 Soc.Sec.Rep.Serv. 663

2000 WL 964937

United States District Court, S.D. New York.

Maria LUNA de Medina, o/b/o
Alberto Monegro, a minor, Plaintiff,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant.

No. 99 CIV 4149 SHS, 84195.   |   July 12, 2000.

## OPINION & ORDER

STEIN, District J.

**\*1** Plaintiff Maria Luna de Medina brings this action on behalf of her son, Alberto Monegro, pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to challenge the final determination of defendant Kenneth S. Apfel, Commissioner of Social Security, denying her son Supplemental Security Income ("SSI") benefits. The Commissioner has moved to remand this case for a rehearing. In response, de Medina has cross-moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), or in the alternative, for an award of interim benefits pending a rehearing on remand. For the reasons set forth below, the Commissioner's motion to remand is granted and de Medina's motion for judgment on the pleadings or for interim benefits is denied.

## BACKGROUND

### I. Procedural History

On January 9, 1997, de Medina filed an application for benefits pursuant to Tile XVI of the Act, asserting that her son had been disabled since his birth on May 28, 1994, and presently suffered from behavioral problems and difficulties with verbal expression and understanding. R. 48–50, 51–76.[1] The application was denied both initially and upon reconsideration. R. 37–39, 42–45. At de Medina's request, Administrative Law Judge ("ALJ") Mark J. Hecht conducted a hearing on July 28, 1998, at which she appeared *pro se* and testified through an interpreter. R. 24–34. The next month, the ALJ issued a decision finding, upon a *de novo* consideration of the case, that Alberto Monegro's impairment was not sufficiently severe to qualify for benefits pursuant to the Commissioner's regulations for determining childhood disability. R. 6–18. On May 5, 1999, the Appeals Council denied de Medina's request for administrative review, thereby rendering the ALJ's decision final. R. 3–5.

On June 9, 1999, de Medina filed this action pursuant to 42 U.S.C. § 405(g), contending that the determination below was not made on the basis of all available evidence and seeking interim benefits in the event of remand.[2] The Commissioner subsequently moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) and de Medina cross-moved for judgment on the pleadings or, in the alternative, for an award of interim benefits pending a rehearing on remand. The Commissioner then withdrew his request for judgment on the pleadings and instead seeks a remand pursuant to the fourth sentence of 42 U.S.C. § 405(g).

### II. Factual History

#### A. De Medina's Testimony

At the hearing on July 28, 1998, de Medina testified that her son had had hearing problems owing to an inflammation in his ear that was later alleviated by surgery. R. 29. She stated that he continues to have difficulty hearing, that loud noises disturb him, that he does not speak at school, and that they have difficulties understanding one another when they speak. R. 30. She also explained that he attends special education classes in school five days a week, where he receives speech therapy twice a week, but that she had not noticed much improvement as a result. R. 30. De Medina stressed that her son is "aggressive in the house" and misbehaves. R. 31.

#### B. The Medical Evidence

**\*2** On June 5, 1996, Alberto Monegro was first evaluated at the age of two by Dr. Mary Z. Gasparik at the Kennedy Child Study Center ("KCSC"), who concluded that Monegro was a generally healthy child but recommended a hearing evaluation and appropriate therapy. R. 92–94. On the same day Monegro underwent a speech evaluation; it showed that his expressive speech development and receptive speech development were 78% and 38% below the standard levels for children his age, respectively. The evaluator, Pauline Rees Alagna, recommended audiometric testing and intensive bilingual individual speech therapy. R. 95–97.

On June 12, 1996, Monegro underwent a psychological evaluation at KCSC. R. 98–101. The psychologist, Antoinette Sheehy, stated that Monegro had had no complications at birth and that developmental milestones were "within normal limits with the exception of speech." R. 98. Sheehy described

Luna de Medina v. Apfel, Not Reported in F.Supp.2d (2000)

69 Soc.Sec.Rep.Serv. 663

Monegro as a well groomed child who had good motor and self-help skills, enjoyed playing with others, and was "very active at home." R. 100. His developmental age equivalents were found to be 19 months for daily living skills and 21 months for motor skills, indicating that any developmental delays in these areas were "not significant." R. 101. However, Monegro's cognitive function was assessed at 16 months, representing a 33% delay, while his communication skills were at the 10 month level, for a 58% delay, and his socialization skills were at the 12 month level, for a 50% delay. R. 101. His adaptive behavior composite placed him at the 15 month level, representing a 38% delay overall. R. 101. The psychologist recommended placement in an early intervention program to develop expressive and receptive speech skills and to increase his attention span. R. 100.

Between May and July 1996, Monegro was evaluated by the New York City Early Intervention Program, which assessed his cognitive functioning level at 16 months, his expressive language skills level at 6 months, his receptive language skills level at 12 to 15 months, his gross and fine motor skills within normal limits, his socialization skills at 12 months, and his adaptive skills at 15 months overall. R. 105. At the same time, the Program found that Monegro was in good general health and that his responses to testing ranged from slightly shy to alert and curious. R. 106. On the basis of this evaluation, Monegro was scheduled to receive extensive group and individual services from September 16, 1996, to July 25, 1997. R. 105–125.

In January 1997, an evaluation by Special Educator Antoinette Salat of the KCSC concluded that difficulties in expressive speech remained Monegro's main problem. R. 127–130. The next month, a speech and language evaluation by Rachel S. Sommers of HS Systems, Inc. noted that Monegro was enrolled in the KCSC Special Education Preschool and received speech-language therapy three times a week in a small group setting. R. 131. The prognosis of the therapy's effectiveness was fair, but the evaluator suggested that improvement might be hindered by "frequent recurring ear infections." R. 133. The evaluation reported that Monegro was well groomed, completed some standardized testing tasks, but was "essentially nonverbal." R. 132–33. The evaluator placed his most solid receptive and expressive speech skills at below the 12 month level, with an upward scattering of skills through the 18 month level. R. 132. However, the evaluator noted the difficulty of testing the boy, who was exposed solely to Spanish at home and English at school, and accordingly recommended a bilingual speech and language evaluation as a means of obtaining more reliable testing results. R. 133–34.

**\*3** Between March 1997 and July 1998, he underwent a number of subsequent medical evaluations, which consistently concluded that his impairments, while severe, did not disable him, since he was able to perform activities and to behave in a manner appropriate for his age. R. 135–49. Finally, the record contains a June 30, 1998 statement from the Manhattan Center for Early Learning that Monegro attended a special education preschool five days a week for a full day where he received one-on-one, 30 minute sessions of bilingual speech and language therapy. R. 150.

## DISCUSSION

### I. The Denial of Benefits

As noted above, De Medina has moved pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings reversing the ALJ's decision and affirmatively granting her application for Social Security benefits on behalf of her son.

### A. Standard of Review

A court may reverse the Commissioner's denial of benefits only if the determination "is based upon legal error or is not supported by substantial evidence." *Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir.1999); *see* 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). "The Court must carefully consider the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight." ' *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir.1999) (quoting *Quinones v. Chater,* 117 F.3d 29, 33 (2d Cir.1997)). Substantial evidence is " 'more than a mere scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion." ' *Richardson,* 402 U.S. at 401, 91 S.Ct. at 1427 (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)); *see Rosa,* 168 F.3d at 77. Thus, a court " 'may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." ' *Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991) (quoting *Valente v. Secretary of Health & Human Servs.,* 733 F.2d 1037, 1041 (2d Cir.1984)). *See generally Marrero v. Apfel,* 87 F.Supp.2d 340, 346 (S.D.N.Y.2000).

Accordingly, a district court may itself determine disability and award benefits only if, upon review of the administrative record, "application of the correct legal standard could lead to only one conclusion." *Schaal v. Apfel,* 134 F.3d 496, 504 (2d Cir.1998); *see Maldonado v. Apfel,* No. 98 Civ. 9037, 2000 WL 23208, at *2 (S.D.N.Y. Jan. 13, 2000). In other words, the record must "provide[ ] persuasive proof of disability," such that "a remand for further evidentiary hearings would serve no purpose." *Parker v. Harris,* 626 F.2d 225, 235 (2d Cir.1980); *see Maldonado,* 2000 WL 23208, at *2. Where the ALJ has failed to develop the record adequately, the choice between remanding and awarding benefits thus hinges on whether "a more complete record might support the Commissioner's decision." *Rosa,* 168 F.3d at 82–83.

### B. Childhood Disability Pursuant to the Social Security Act

**\*4** Section 1614 of the Social Security Act provides that a child under the age of eighteen is considered disabled for purposes of SSI benefits "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

Pursuant to that provision, the Commissioner has promulgated regulations setting forth a three-step analysis for determining childhood disability based upon all of the relevant evidence in the record. *See* 20 C.F.R. § 416.924(a), (f). To satisfy this inquiry, the evidence must establish that (1) the child is not engaged in substantial gainful activity; (2) the child suffers from one or more severe impairments; and (3) the impairment meets, medically equals, or functionally equals in severity an impairment officially listed in the regulations at Appendix 1 to 20 C.F.R. Part 404, Subpart P. *See id.* § 416.924(a); *Salomon v. Apfel,* No. 99 Civ. 4250, 2000 WL 776924, at *3 (S.D.N.Y. June 5, 2000); *Maldonado,* 2000 WL 23208, at *2; *Carballo v. Apfel,* 34 F.Supp.2d 208, 216 (S.D.N.Y.1999). The evidence must also establish that the disability can be expected to last for twelve months or longer. *See* 20 C.F.R. § 416.924(a).

Because the ALJ found that Alberto Monegro satisfied the first two requirements, R. 4–5, only the third requirement is presently contested. In this context, de Medina contends that her son's impairments functionally equal the officially listed impairments. To support a finding of functional equivalence, the evidence must demonstrate that the child's impairment

either (1) results in "extreme limitation of one specific function"; (2) produces "extreme limitations in one area ... or marked limitations in two" or more "broad areas of development or functioning"; (3) exhibits "episodic criteria," such as "frequent illnesses or attacks, or ... exacerbations and remissions;" or else (4) requires treatment that itself "causes marked and severe functional limitations." 20 C.F.R. § 416.926a(b)(1)-(4). All four criteria must be considered before the Commissioner may conclude that the child's impairment is not functionally equivalent to any listed impairment. *See id.* § 416.926a(b).

In making these determinations, the ALJ must take into consideration all of the relevant evidence in the record, including: "(1) the objective medical facts; (2) the medical opinions of the examining or treating physicians; (3) the subjective evidence of the claimant's symptoms submitted by the claimant, his family, and others; and (4) the claimant's educational background, age, and work experience." *Marrero,* 87 F.Supp.2d at 346; *see Brown v. Apfel,* 174 F.3d 59, 62 (2d Cir.1999) (per curiam); *Williams v. Bowen,* 859 F.2d 255, 259 (2d Cir.1988); *see also* 20 C.F.R. §§ 416.924(f), 416.926a(c)(2). In addition, because de Medina appeared *pro se* before the ALJ, the ALJ was under a heightened duty " 'to inquire scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.' " *Cruz v. Sullivan,* 912 F.2d 8, 11 (2d Cir.1990) (quoting *Echevarria v. Secretary of Health & Human Servs.,* 685 F.2d 751, 755 (2d Cir.1982)); *see Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir.1996); *Carballo,* 34 F.Supp.2d at 214.

### C. Analysis

**\*5** In his decision dated August 18, 1998, ALJ Hecht determined that Alberto Monegro's impairments, although severe, were not functionally equal in severity to a listed impairment and, in any event, were improving under therapy and treatment. R. 13–16. Accordingly, the ALJ concluded that Monegro was not disabled and was therefore ineligible for SSI benefits pursuant to Title XVI of the Social Security Act. R. 17. De Medina now maintains that this determination was erroneous because the evidence in the record conclusively establishes that his impairment produces extreme or marked limitations in broad areas of development or functioning within the meaning of 20 C.F.R. § 416.926a(b)(2).

In this context, the Commissioner's regulations set forth six broad areas of development or functioning, three of which de Medina cites: (1) cognition or communication; (2) social;

Luna de Medina v. Apfel, Not Reported in F.Supp.2d (2000)

69 Soc.Sec.Rep.Serv. 663

and (3) concentration, persistence, or pace. *See* 20 C.F.R. § 416.926a(b)(4)(i), (iii), (vi). For a child less than three years old, a limitation in any one of these areas is "marked" if the child functions at more than one-half but not more than two-thirds of chronological age, or "extreme" if the child functions at one-half of chronological age or less. *See id.* §§ 416.926a(b)(3)(i)(B), (b)(3)(ii)(B). For a child between three and eighteen years old, a limitation is "marked" if it is " 'more than moderate' and less than extreme" ' and "interfere[s] seriously with the child's functioning," or "extreme" if there is "no meaningful functioning in a given area." *Id.* § 416.926a(b)(3)(i)(C), (b)(3)(ii)(C). At any age, a limitation is "marked" if standardized testing places the child between two and three standard deviations below the norm, or "extreme" if standardized testing places the child at three or more standardized deviations below the norm. *Id.* § 416.926a(b)(3)(i)(A), (b)(3)(ii)(A).

The evidence in the record plainly does not compel the conclusion that Alberto Monegro has suffered an extreme or marked limitation in one or more broad areas of development since his third birthday on May 28, 1997. To the contrary, the medical evaluations conducted subsequent to that date uniformly indicate that Monegro's abilities and behavior have been within the appropriate range for a child his age. R. 135–49. Although de Medina complained of behavioral and communicative difficulties in her testimony, R. 29–31, this evidence fails to refute the contrary medical evaluations conclusively. Indeed, an ALJ is ordinarily permitted to decide the proper relevance of lay and medical testimony. *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir.1998); *Marrero*, 87 F.Supp.2d at 346–47.

With respect to limitations prior to Monegro's third birthday, the Social Security regulations do not permit a finding of disability for a child under age three based on limitations in the area of concentration, persistence, or pace. *See* 20 C.F.R. § 416 .926a(b)(4)(vi). Therefore, the only remaining areas to be considered are cognition or communication and social.

**\*6** As to social skills, the record fails to demonstrate conclusively that Monegro's limitations in this area were either marked or extreme. In general, the broad area of social skills refers to the child's "ability or inability to form and maintain relationships with other individuals and with groups." *Id.* § 416.926a(b)(4)(iii); *see also id.* § 416.926a(b)(5)(i)(C), (b)(5)(ii)(C). Antoinette Sheehy reported that Monegro is somewhat shy but soon warms up in new situations, and that he "shows an active interest in other

children." R. 100. His demeanor was described as alert and curious. R. 98–100, 106. His mother further characterized him as a happy boy who likes to play with children and who likes to play ball with his older sister. R. 100. Although the record also suggests that Monegro's speech limitations hinder his interactions with peers and adults, R. 128, this conflict in the evidence was well within the ken of the ALJ to resolve.

The closer question is whether the record conclusively demonstrates that the child's limitations in the area of cognition and communication were extreme. The regulations describe this area as referring to the "ability or inability to learn, understand, and solve problems ...; the ability to retain and recall information ... [;][and][t]he ability or inability to comprehend and produce language ... in order to communicate ... to request ... [and] to comment ... using hearing that is adequate for conversation, and using speech ... that is intelligible." 20 C.F.R. § 416.926a(b)(4)(i); *see also id.* § 416.926a(b)(5)(i)(A), (b)(5)(ii)(A). In this context, the evaluations of Monegro conducted between May and July 1996, when he was two years old, generally placed his cognitive and communication skills above the 50% level with respect to chronological development. R. 95–125. The one notable exception consists of the frequent remarks on Monegro's inability to express himself as well as the consistent placement of his expressive speech skills below the 50% benchmark. R. 95–125.

Even assuming that this limitation qualified as "extreme" in July 1996, these records predate de Medina's SSI application, which was filed in January 1997, by nearly six months. However, the Commissioner's regulations explicitly instruct applicants, "If you file an application after the month you first meet all the other requirements for eligibility, we cannot pay you for the month in which your application is filed or any months before that month." 20 C.F.R. § 416.335. Elsewhere, the regulations similarly instruct that filing an application is a prerequisite for eligibility for SSI benefits, *see id.* § 416.202(f), and that "[p]ayment of SSI benefits will be made for the month after the month of initial eligibility and for each subsequent month," *id.* § 416.501.

As a consequence, the first month in which de Medina could have received benefits was February 1997, based on whether Monegro was otherwise eligible in January 1997. Although Rachel Sommers indicated that hearing problems continued to persist in February 1997, her findings were far from conclusive, since she indicated that further evaluation was needed before her testing results could be considered

fully reliable. R. 133–34. Moreover, the record contains a number of medical evaluations dating from March 1997 onwards, all of which indicate that Monegro was not suffering an extreme limitation because his behavior and abilities were by that point fully appropriate for a child his age. R. 138. Consequently, to the extent the record indicates that Monegro's limitations were improving in early 1997, this evidence suggests that his limitations were not expected to last for twelve months or longer as required by the statute and regulations. *See* 42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.924(a).

**\*7** In sum, the evidence raises serious questions as to the extent of Monegro's limitations. Accordingly, this court is not able to state that the record provides such "persuasive proof of disability" that "a remand for further evidentiary hearings would serve no purpose." See *Parker v. Harris,* 626 F.2d at 235. Thus, de Medina's motion for judgment on the pleadings should be denied.

## II. Remand

In the absence of an award of benefits, both de Medina and the Commissioner seek to remand this action pursuant to 42 U.S.C. § 405(g) for reconsideration in light of additional evidence. In particular, de Medina presents evidence that was either unavailable to, or not considered by, the ALJ, including an educational progress report, two social history reports, a bilingual speech and language evaluation, a bilingual psychological evaluation, and a recommendation for counseling services. *See* Pl.'s Mem. at A1–A20. In addition, the Commissioner has pledged to obtain additional evidence from Alberto Monegro's treating sources, a consultative examination, and, if warranted, evidence from a medical expert. *See* Def.'s Mem. at 9.

A court may remand an application for Social Security benefits pursuant to either sentence four or sentence six of 42 U.S.C. § 405(g). *See Melkoyan v. Sullivan,* 501 U.S. 89, 99–100, 111 S.Ct. 2157, 2164–65, 115 L.Ed.2d 78 (1991). Sentence four permits "remand in conjunction with a judgment affirming, modifying, or reversing the Commissioner's decision," whereas sentence six permits "remand without making any substantive ruling as to the correctness of the Commissioner's decision, but only (i) where the Commissioner so moves before answering the complaint, or (ii) where additional, material evidence is required that was for good cause not presented before the administrative agency." *Raitport v. Callahan,* 183 F.3d 101, 103–04 (2d Cir.1999) (citing *Melkonyan,* 501 U.S. at 99–100

& n. 2, 111 S.Ct. at 2163–64 & n. 2); *see Kadelski v. Sullivan,* 30 F.3d 399, 401 (3d Cir.1998); *Collado v. Apfel,* No. 99 Civ. 4110, 2000 WL 257157, at \*2 (S.D.N .Y. Mar. 7, 2000).

In this case, remand is appropriate pursuant to sentence six of 42 U.S.C. § 405(g). First, the present decision entails not a final judgment as to the correctness of the ALJ's determination but only the denial of de Medina's motion for judgment on the pleadings. Second, de Medina's additional evidence is material, since much of it supplements the inconclusive evaluation by Rachel Sommers in January 1997, R. 131–34, and since the significance of Monegro's speech delay increases as Alberto Monegro grows older, *compare* Pl.'s Mem. at A14–19 (at age four and one half), *with* R. 92–94 (at age two). *See Tirado v. Bowen,* 842 F.2d 595, 597 (2d Cir.1988) (materiality standard); *Carballo,* 34 F.Supp.2d at 222. Third, the Commissioner's admission that the ALJ may have committed legal error by failing to evaluate all existing evidence, particularly in light of the *pro se* nature of the proceeding, *see* Def.'s Mem. at 2, satisfies the good cause requirement of sentence six. *See Davila v. Shalala,* 848 F.Supp. 1141, 1144 (S.D.N.Y.1994); *Seaborn v. Sullivan,* 822 F.Supp. 121, 124 (S.D .N.Y.1993).

**\*8** Accordingly, this case should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for reconsideration of de Medina's application in light of the additional evidence cited by the parties. *See generally Reyes v. Apfel,* No. 97 Civ. 5830, 2000 WL 709087, at \*7–8 (S.D.N.Y. June 2, 2000); *Collado,* 2000 WL 257257, at \*2; *Wade v. Apfel,* No. 97 Civ. 2742, 1998 WL 874853, at \*6 (S.D.N.Y. Dec. 14, 1998).

## III. Interim Benefits

In the event of remand, de Medina seeks—and the Commissioner opposes—an award of interim benefits pending reconsideration of her Social Security application. Pursuant to 42 U.S.C. § 423, interim payments may be granted but only where the plaintiff challenges a discontinuation of SSI benefits previously awarded by the Commissioner. *See* 42 U.S.C. §§ 423(g)-(h); *Condon v. Bowen,* 853 F.2d 66, 70 (2d Cir.1988); *City of New York v. Heckler,* 742 F.2d 729, 740 (2d Cir.1984), *reh'g denied,* 755 F .2d 31 (2d Cir.1985), *and aff'd. sub nom. Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Thus, a district court has discretion to grant interim payments to a beneficiary "whose aid was terminated" and who seeks readjudication of the termination decision. *State of New York v. Sullivan,* 906 F.2d 910, 918–19 (2d Cir.1990).

Luna de Medina v. Apfel, Not Reported in F.Supp.2d (2000)

69 Soc.Sec.Rep.Serv. 663

There is no similar basis, however, for granting interim benefits in the case of a new application for Social Security benefits. In *Day v. Schweiker,* the Second Circuit found that "the district court's inherent powers" of equitable relief authorized an award of interim benefits where an applicant sought new benefits rather than the reinstatement of prior, discontinued benefits, even though such an award was not explicitly permitted by the statute. 685 F.2d 19, 24 (2d Cir.1982), *rev'd on other grounds sub nom., Heckler v. Day,* 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984); *see also Caswell v. Califano,* 583 F.2d 9, 17 (1st Cir.1978) ("[T]he district court possesses considerable discretion in formulating an equitable remedy."). However, the U.S. Supreme Court subsequently overruled *Day* on other grounds, thereby rendering the interim benefits discussion dicta. *Heckler v. Day,* 467 U.S. at 110–11, 104 S.Ct. at 2253.

Following this dicta, other courts in this district have granted interim benefits to new applicants based on principles of equity, for example, where an application was subjected to egregious delay or other outrageous behavior by the Commissioner. *See, e.g., Rivera v. Apfel,* No. 99 Civ. 3945, 2000 WL 626850, at *7 (S.D.N.Y. May 15, 2000); *Jefferson v. Bowen,* No. 84 Civ. 5664, 1986 WL 14928, at *6 (S.D.N.Y. Dec. 22, 1986); *Weiser v. Secretary of Dep't of Health & Human Servs.,* 645 F.Supp. 602, 604 (S.D.N.Y.1986); *Cohen v. Heckler,* 599 F.Supp. 837, 838 (S.D.N.Y.1984). However, other circuit courts have held that district courts lack the authority to award interim benefits in cases of new applicants on the grounds that there is no statutory authority for such an award. *See Doughty v. Bowen,* 839 F.2d 644 (10th Cir.1988); *Taylor v. Heckler,* 769 F.2d 201, (4th Cir.1985). As the Tenth Circuit reasoned in *Doughty,* because Congress considered the question of interim benefits and provided for such benefits only in cases where prior benefits had been terminated,

awards of interim payments in cases where benefits were not previously received would contravene the text and history of the Social Security Act. 839 F.2d at 645–47.

**\*9** Because the Act does not provide for interim payments to new applicants, and because existing circuit precedents disfavor such payments, de Medina's request for interim payments should be denied. In the alternative, even if the Social Security Act provided for grants of interim benefits to first time applicants, the facts of this case would not warrant equitable relief at this stage in the proceedings. According to the record, Alberto Monegro has been enrolled in remedial educational and speech therapy programs since September 1996. As a consequence, it is not apparent that he will suffer immediate harm in the absence of immediate benefits. Nevertheless, given the passage of time since plaintiff originally applied for benefits plus the fact that a child is involved, the Court urges the Commissioner to proceed expeditiously in reaching a final resolution of de Medina's application.

### CONCLUSION

For the reasons set forth above, plaintiff's motion for judgment on the pleadings or alternatively for interim benefits is denied and the Commissioner's motion for a remand is granted. The case is hereby remanded for reconsideration by the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g).

SO ORDERED.

**Parallel Citations**

69 Soc.Sec.Rep.Serv. 663

---

Footnotes

1    References to "R." are to pages of the record of proceedings in the Social Security Administration.

2    Although de Medina appeared *pro se* before the ALJ, she is represented in this action by the Center for Disability Advocacy Rights.

End of Document                                      © 2014 Thomson Reuters. No claim to original U.S. Government Works.