USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/17/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANESSA J. JORDAN-ROWELL,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

14-cv-3181 (NSR)(JCM)

ORDER ADOPTING REPORT
AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Janessa J. Jordan-Rowell ("Plaintiff"), proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 405(g) following the Social Security Administration's ("SSA") initial denial of her application for disability benefits. Plaintiff now seeks "interim benefits" pending a hearing on her application for benefits before an administrative law judge ("ALJ").

    This case was previously referred to Magistrate Judge Judith C. McCarthy. Currently pending in this case is Defendant's motion to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). On March 20, 2015, Magistrate Judge McCarthy issued a Report and Recommendation ("R & R"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that Defendant's motion be granted. (*See* Docket No. 15.) For the following reasons, the Court adopts Magistrate Judge McCarthy's R & R in its entirety, and Defendant's motion to dismiss is GRANTED.

## BACKGROUND

    Plaintiff seeks the provision of interim disability benefits pending her hearing before an ALJ. The Court assumes familiarity with the underlying facts and prior proceedings in this case, as set forth in the R & R. Plaintiff commenced the instant action on April 28, 2014, roughly one

month after the SSA issued a Hearing Request Letter confirming Plaintiff's request for a hearing before an ALJ. Defendant moved to dismiss on September 8, 2014, asserting that Plaintiff's Complaint should be dismissed for failure to exhaust her administrative remedies.

On March 20, 2015, Magistrate Judge McCarthy issued the R & R recommending that this Court grant Defendant's motion and dismiss the action. Neither party has filed written objections to the R & R.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision

(b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, as neither party objected to the R & R issued by Magistrate Judge McCarthy, the Court reviews the recommendation for clear error.

The Court finds no error on the face of the R & R, and thus adopts Judge McCarthy's R & R in its entirety. As stated more fully in the R & R, Plaintiff has failed to exhaust her administrative remedies, and even construing her Complaint liberally, has not alleged that any exceptions to the exhaustion requirement apply. Accordingly, the Court lacks subject matter jurisdiction over this action.

## CONCLUSION

For the reasons stated above, the Court adopts Magistrate Judge McCarthy's Report and Recommendation in its entirety, and Defendant's motion to dismiss is granted. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 11 and to close the case.

Dated: December 17th 2015  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge

3